UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Jenifer Rittenhouse,

                          Civil Action No.:_____

          Plaintiff,

   -against-                       **VERIFIED COMPLAINT AND**
                                                **DEMAND FOR TRIAL BY JURY**

Brinkman Alliance Group, Inc.,

          Defendant.
-------------------------------------------------------X

       Now comes Plaintiff Jenifer Rittenhouse (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Brinkman Alliance Group (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PRELIMINARY STATEMENT

       The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et. seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Arizona, Maricopa County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Brinkman Alliance Group, Inc., is a New York corporation conducting business from offices located at 233 Westminster Ave., Buffalo, NY 14215.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempt to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.      Upon information and belief, the nature of the underlying debt allegedly owed by Plaintiff is the type of debt the FDCPA was designed to regulate.

10.     In or around October, 2013, Defendant commenced collection activities against Plaintiff to recover an alleged debt originating from a Loan Mart "payday loan" (referred to hereinafter as the "Alleged Debt").

11.     Defendant failed to send Plaintiff a 30-day validation notice within 5 days of its initial communication.

12.     Upon information and belief, to date, Defendant has failed to send Plaintiff such a notice.

13.     On or about October 30, 2013, Defendant placed a telephone call to Plaintiff.

14.     In said conversation, Plaintiff informed Defendant that she previously satisfied the Alleged Debt in full and no longer owes the Alleged Debt.

15.     Despite being so informed, Defendant asserted that it was a process server and if Plaintiff did not make arrangement to pay the Alleged Debt then it would arrive at Plaintiff's home that day with the police.

16.     Defendant further asserted that Plaintiff would be charged with fraud and would be arrested if she did not accept service.

17.     On November 6, 2013, Plaintiff sent a validation letter to Defendant disputing the Alleged Debt and requesting validation of the Alleged Debt.

18.     Nevertheless, on or about November 21, 2013, Defendant placed a telephone call to Plaintiff and again asserted that it was a process server and threatened Plaintiff with a lawsuit.

19. Upon information and belief, to date, no lawsuit has been filed against Plaintiff.

20. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C. § 1692e**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's conduct violated 15 U.S.C. §1692e in that the Defendant used false, deceptive and misleading representations in attempt to collect the Alleged Debt.

23. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C. § 1692e(2)**

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Defendant's conduct violated 15 U.S.C. §1692e(2) in that Defendant used false, deceptive and misleading representations in attempt to collect the Alleged Debt concerning the character, amount and legal status of the alleged debt.

26.	As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(4)

27.	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.	Defendant's conduct violated 15 U.S.C. §1692e(4) in that Defendant threatened that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff.

29.	As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(5)

30.	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31.	Defendant's conduct violated 15 U.S.C. §1692e(5) in that Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.

32.	As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(7)

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's conduct violated 15 U.S.C. §1692e(7) in that Defendant stated that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff.

35. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(10)

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendant used false representations and deceptive means in attempt to collect the Alleged Debt.

38. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692g

39.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40.     Defendant conduct violated 15 U.S.C. §1692g in that the Defendant failed to send Plaintiff a 30-day validation notice within 5 days of its initial communication.

41.     Upon information and belief, to date, Defendant has failed to send Plaintiff such a notice.

42.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**EIGHTH CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692g(b))**

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44.     Defendant's conduct violated 15 U.S.C. §1692g(b) in that Defendant continued collection of the debt dispute having received a validation and dispute letter from Plaintiff.

45.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**DEMAND FOR TRIAL BY JURY**

51.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jenifer Rittenhouse demands judgment from the Defendant Brinkman Alliance Group, Inc., as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
December 17, 2013

Respectfully submitted,

By: *s/ Fredrick Schulman, Esq.*
Fredrick Schulman, Esq.
Fredrick Schulman & Associates
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com